## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT GREENEVILLE

---

| | | |
|---|---|---|
| **WALTER D. SIMPSON** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Civil Action No. _____ |
| | ) | |
| **JAVITCH BLOCK LLC,** | ) | <u>Jury Trial Demanded</u> |
| | ) | |
| **Defendant.** | ) | |

---

## COMPLAINT

---

### INTRODUCTION

1.  This action arises out of Defendant Javitch Block LLC's (hereinafter "Defendant") violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA") in its illegal efforts to collect consumer debts from Plaintiff Walter D. Simpson (hereinafter "Plaintiff").

### JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.  Venue is proper in this District because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here, Plaintiff resides here, and the Defendant transacts business here.

### PARTIES

4.  The Plaintiff is a natural person who resides in Hamblen County, Tennessee.

5.  The Defendant is a for-profit foreign corporation (Ohio) registered to do business in Tennessee with a principal office located at 1100 Superior Ave, E FL 19, Cleveland, OH

44114-2521 that maintains Registered Agent Solutions, Inc., 992 Davidson Dr, Ste B, Nashville, TN 37205-1051 as its registered agent.

## **FACTUAL ALLEGATIONS**

6.  The Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.  The Defendant regularly engages in the business of using the mails and telephone system, sending collection letters, paying the filing fees and process service fees to file state legal actions and requests for the issuance of garnishments of wages and levies of bank accounts, preparing sworn affidavits for its clients to sign in support of state legal actions, or for it to sign as an agent for its clients, and attempting to collect debts in person, all in an effort to collect consumer debts owed or due or asserted to be owed or due another, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8.  The Defendant has alleged that Plaintiff incurred obligations to pay money arising out of transactions in which the money, property, insurance or services which are the subject of the transactions are primarily for personal, family or household purposes, and each obligation is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely a debt owed to Toyota Motor Credit Corporation (hereinafter "TMCC") for a balance owed on a lease of a personal vehicle ("debt").

9.  After default, the debt was assigned to the Defendant by TMCC or was otherwise acquired by the Defendant for purposes of collection from the Plaintiff.

### *Collection Communications*

10. A "communication" under the FDCPA means conveying the information regarding a debt directly or indirectly to any person through any medium.  15 U.S.C. § 1692a(2).

*Legal Action Brought by the Defendant*

11.    On March 1, 2019, the Defendant filed a civil summons for a suit on sworn account supported only by a sworn affidavit in state court on behalf of TMCC (collectively "legal action"). **Redacted copy filed as exhibit 1 to this Complaint (hereinafter "Doc. 1-1").**

12.    On information and belief, the Defendant drafted and prepared the civil summons and placed the name of the Defendant as the law firm representing TMCC on the civil summons and listed the names of Emily L. Nenni (hereinafter "Nenni") and Jordan T. Puryear (hereinafter "Puryear"), whom, on information and belief, at the time the legal action was brought against the Plaintiff were employees of the Defendant. **See Doc. 1-1, p. 1.**

13.    On information and belief, the Defendant drafted and prepared the sworn affidavit. **See Doc. 1-1, p. 3.**

14.    On information and belief, the Defendant paid the filing fees to bring the legal action against the Plaintiff and the process service fees to attempt proper service of the legal action on the Plaintiff.

15.    The civil summons states that the:

> [C]ivil action [was] for breach of contract on account by **Toyota Motor Credit Corporation** on a sworn account here to the court shown in the amount of **$4,536.26**, representing delinquent breached obligations to Plaintiff who provided financial services on account number *************0001 to its consumer. Though due demand has been made, Defendant has failed to liquidate the balance due and owing. Plaintiff prays for judgment against Defendant in the amount of $4,536.26, post judgment interest at the statutory rate pursuant to T.C.A. 47-14-121 and costs of this case, inclusive of Private Process Server fees.

**See Doc. 1-1, p. 1.** (bold lettering in original)

16.    The civil summons also states at the bottom of the first and second page:

> This communication is from a debt collector.

**See Doc. 1-1, p. 1.**

17.     The civil summons and sworn affidavit were filed by the Defendant against Plaintiff in connection with collection of the debt and in an attempt to collect the debt, and conveyed information regarding the debt, including that TMCC is the creditor alleged to be owed the debt the Defendant is attempting to collect, and the amount alleged as owed, and each is a "communication" as defined by 15 U.S.C. § 1692a(2). **See Doc. 1-1.**

18.     The legal action brought against the Plaintiff by the Defendant sought to collect a purported consumer debt incurred for personal, family or household purposes, and not for business purposes, specifically the balance owed for a lease incurred by the Plaintiff for a personal vehicle.

*Communications with Nenni at the June 11, 2019 Court Hearing and Afterwards*

19.     The legal action was served on the Plaintiff on March 25, 2019 and he attended the initial hearing set for the legal action on June 11, 2019.

20.     After the state court's docket was called, as directed by the state court, the Plaintiff left the courtroom to meet with Nenni, who was present at the hearing as counsel for TMCC.

21.     During the Plaintiff's meeting with Nenni, he explained to her why he did not believe he owed the debt to TMCC, and Nenni told the Plaintiff she would check with TMCC and provide him a response to his dispute.

22.     The communication by Nenni, an employee of the Defendant, in the form of the meeting with the Plaintiff outside of the courtroom on June 11, 2019 is a communication in connection with collection of the debt that conveys information regarding the debt, including the creditor alleged to be owed the debt being collected, and the amount alleged as owed, and is a "communication" as defined by 15 U.S.C. § 1692a(2).

23. The communication by Nenni, an employee of the Defendant, in the form of the meeting with the Plaintiff outside of the courtroom on June 11, 2019 to collect a purported consumer debt incurred for personal, family or household purposes, and not for business purposes, specifically the balance allegedly owed for a lease incurred by the Plaintiff for a personal vehicle.

24. The Plaintiff received a collection letter and some additional information from the Defendant dated November 4, 2019 and signed by Nenni as Emily J. Strump (hereinafter "collection letter"). **Redacted copy of the November 4, 2019 collection letter is filed as exhibit 2 to this Complaint (hereinafter "Doc. 1-2").**

25. The collection letter provided an offer of compromise for settlement of the legal action by payment of a lump sum on or before December 15, 2019 or payable in installments starting on or before December 15, 2019. **See Doc. 1-2, first full paragraph.**

26. The communication by the Defendant in the form of the collection letter is a communication in connection with collection of the debt that conveys information regarding the debt, including the creditor alleged to be owed the debt being collected, and the amount alleged as owed, and is a "communication" as defined by 15 U.S.C. § 1692a(2).

27. The collection letter sought to collect a purported consumer debt incurred for personal, family or household purposes, and not for business purposes, specifically the balance allegedly owed for a lease incurred by the Plaintiff for a personal vehicle.

28. The collection letter also stated that:

> Javitch Block LLC is a debt collector attempting to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

5

29.   After receiving the collection letter from Nenni, the Plaintiff attempted to contact her by telephone at the number she provided to him in the collection letter but was not able to get an answer to his calls.

30.   The collection letter did not provide a notice of the continued court date for the legal action **[See Doc. 1-2]**, and the Plaintiff was not provided a notice from the state court or Nenni about the continued court date, which was held on November 19, 2019.

31.   The Plaintiff did not find out that a default judgment was entered against him for the debt allegedly owed to TMCC on November 19, 2019 until his attorney reviewed the state court records.  **See Doc. 1-1, p. 1.**

32.   Fortunately, the Plaintiff found out about the default judgment being entered before the deadline to appeal the default judgment or file a motion to set it aside had expired.

33.   On December 2, 2019, the Plaintiff's attorney filed a motion to set the default judgment aside which was served on Nenni (hereinafter "motion").  **Copy filed as exhibit 3 to this Complaint (hereinafter "Doc. 1-3").**

34.   On December 9, 2019, the Plaintiff's attorney placed in the mail to Nenni a notice of a hearing setting the hearing on the Plaintiff's motion to set aside the default judgment on December 17, 2019.  (hereinafter "hearing notice").  **Copy filed as exhibit 4 to this Complaint (hereinafter "Doc. 1-4").**

35.   Even though the Plaintiff's attorney had placed his telephone number and email address on both the motion and hearing notice, on December 16, 2019, Nenni sent a letter via facsimile to the state court and attempted to send copy to the Plaintiff's attorney at a facsimile number he had not had for several years, requesting that the hearing on the motion be reset.  **Copy filed as exhibit 5 to this Complaint (hereinafter "Doc. 1-5").**

6

36.     Plaintiff and his attorney attended the hearing for the motion on December 17, 2019 and

        was informed by the state court at the hearing about the request for the hearing to be reset,

        which the state court reset to January 14, 2020.

37.     On January 14, 2020, the Plaintiff and his attorney attended the reset hearing on the motion,

        which was not attended by Nenni or any other representative of TMCC, so the motion to

        set aside the judgment because the Defendant did not provide the Plaintiff notice of the

        continued court date was not contested by the Defendant on behalf of TMCC, and the

        motion to set aside the judgment was granted by the state court.

## **FAIR DEBT COLLECTION PRACTICES ACT**

38.     The FDCPA is a federal statute which regulates debt collectors in the collection of

        consumer debts.  **See 15 U.S.C. §§ 1692** *et seq.***

39.     Congress passed the FDCPA because:

        **(a)     Abusive Practices**

        There is abundant evidence of the use of abusive, deceptive, and unfair debt

        collection practices by many debt collectors. Abusive debt collection practices

        contribute to the number of personal bankruptcies, to marital instability, to the loss

        of jobs, and to invasions of individual privacy.

        **(b)     Inadequacy of Laws**

        Existing laws and procedures for redressing these injuries are inadequate to

        protect consumers.

        **(c)     Available Non-Abusive Collection Methods**

        Means other than misrepresentation or other abusive debt collection practices are

        available for the effective collection of debts.

7

**15 U.S.C. §§ 1692 (a), (b), and (c).**

40.     The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." **See 15 U.S.C. § 1692 (e).**

41.     The Sixth Circuit reaffirmed in *Stratton v. Portfolio Recovery Associates, LLC*, 770 F.3d. 443, 448-449 (6th Cir. 2014) that: "'The Fair Debt Collection Practices Act is an extraordinarily broad statute' and must be construed accordingly. *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992)"; *see also Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014).

42.     "'Courts must view any alleged [FDCPA] violation through the lens of the 'least sophisticated consumer'—the usual objective legal standard in consumer protection cases.' *Gionis v. Javitch, Block, Rathbone, LLP*, 238 F. App'x 24, 28 (6th Cir. 2007). (internal quotation marks and citations omitted); *see also Barany-Snyder v. Weiner*, 539 F.3d 327, 333 (6th Cir. 2008)". *Stratton, supra*, at 450.

43.     "Debt collection is performed through 'communication,' . . . 'conduct,' . . . or 'means'. These broad words suggest a broad view of what the Act considers collection . . . [I]f a purpose of an activity taken in relation to a debt is to 'obtain payment' of the debt, the activity is properly considered debt collection." *See Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 461 (6th Cir. 2013).

# FDCPA CLAIMS

## *Failure to Send Plaintiff a Notice That Contains the Disclosures Required by 15 U.S.C. §§ 1692g(a)(1)-(5)*

44.     The communication by Nenni, an employee of the Defendant, in the form of meeting with the Plaintiff outside of the courtroom on June 11, 2019 in connection with collection of the debt is the initial communication by the Defendant in connection with collection of the debt.

45.     The FDCPA, 15 U.S.C. §1692g(a)(1), requires that:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing
>
> --
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

46. Within five days after this initial communication in connection with collection of the debt, Plaintiff had not paid the debt.

47. Within five days after the initial communication by the Defendant with the Plaintiff in connection with collection of the debt, the Defendant failed to send Plaintiff a written notice containing the disclosures required by 15 U.S.C. §§ 1692g(a)(1)-(5).

48. By failing to send Plaintiff a written notice containing the disclosures required by 15 U.S.C. §§ 1692g(a)(1)-(5), within five days after the "initial communication", the Defendant violated 15 U.S.C. §§ 1692g(a)(1)-(5).

### False Representation of Legal Status of the Debt and the Use of Unfair Means to Collect or Attempt to Collect the Debt

49. If the Plaintiff had not hired an attorney to assist him with defending the legal action, after the default judgment was entered and the deadline to appeal the default judgment or file a motion to set aside the default judgment aside had expired, the Plaintiff could have been subjected to garnishment of his paycheck and levy of his bank account without being aware the default judgment had been entered against him.

50. By failing to provide the Plaintiff notice of the reset hearing date for the legal action which resulted in a default judgment being entered against the Plaintiff and requiring him to hire an attorney to assist him with getting the default judgment set aside, the Defendant falsely represented the character and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A), which is the use of false, deceptive, and misleading representations or means in connection with collection of any debt, and the use of false representations and deceptive means to collect or attempt to collect any debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and the use of unfair means to collect or attempt to collect any debt in violation of 15 U.S.C. §§ 1692f.

*Summary*

51. The above-detailed conduct by the Defendant in connection with collection of the debts and in an attempt to collect the debts was conduct in violation of multiple provisions of the FDCPA including, but not limited to the above-cited provisions.

## TRIAL BY JURY

52. Plaintiff is entitled to and hereby respectfully demands a trial by jury. **U.S. Const. amend. 7; Fed.R.Civ.P. 38.**

## CAUSES OF ACTION

### COUNT I-IX

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692f, and 1692g(a)(1)-(5)

53. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

54. The Defendant's foregoing acts and omissions constitute numerous and multiple FDCPA violations including, but not limited to each and every one of the above-cited FDCPA provisions, with respect to the Plaintiff.

55. As a result of the Defendant's FDCPA violations, the Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendant:

## COUNT I-IX

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692f, and 1692g(a)(1)-(5)

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant and for the Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00 against the Defendant, and for the Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for the Plaintiff; and

- for such other and further relief, as may be just and proper.

06/16/20                                    Respectfully submitted,


**WALTER D. SIMPSON**


s/      Alan C. Lee_____
Alan C. Lee, BPR # 012700
P. O. Box 1357
Talbott, TN 37877-1357
(423) 581-0924
aleeattorney@gmail.com

Attorney for Plaintiff

12